"Buchman Mfg. Co." on January 2, 1942, from Hong Kong, China. The document is signed by "Buchman Mfg. Co., Per S. Buchman, Carnegie, Pa." Furthermore, the "Declaration of Consignee or Agent," embodied in said entry, and attesting to the truthfulness and correctness of "all statements appearing in the entry and in the invoice or invoices and other documents presented herewith," was executed at Pittsburgh, Pa., on January 10, 1942, by "Buchman Mfg. Co., S. Buchman, Carnegie, Pa." Thus, we find positive documentary evidence that petitioner, with 20 years' experience as an importer, was fully apprised, in Pittsburgh, of its status as importer of the merchandise in question on January 10, 1942, more than 2 years before receipt of the letter, exhibit 3, supra. It is impossible to reconcile this clear discrepancy between the documentary proof and the testimony in the case. While petitioner was not asked by counsel to explain this conflict—in fact, no reference whatsoever is made to it in the testimony—the contradictions revealed from analysis of the said consumption entry along with the oral testimony are too strong for the court to ignore.

Section 489, supra, authorizes remission of additional duties upon production of "satisfactory evidence" that the entry of the merchandise was without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. On the record before us, petitioner has failed to meet its statutory burden.

The petition is therefore denied and judgment will be rendered accordingly.

OCTOBER 16, 1946

**No. 51374.**——Protests 117822–K, etc., of J. A. Forrest Co. et al. Abstract 51289. Plaintiffs' application for rehearing granted.

BEFORE THE SECOND DIVISION, OCTOBER 24, 1946

**No. 51375.**—Protests 7261–K, etc., of Fred Haslam & Co., Inc., et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51376.**—Protests 497765–G, etc., of Bloomingdale Bros., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of United States v. Julius Kayser & Co. (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

**No. 51377.**—Protests 515847–G, etc., of Stern Bros. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

**No. 51378.**—Protests 702931–G, etc., of Alex Weil, Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

**No. 51379.**—Protests 854850–G, etc., of Arkwright Merchandising Corp. et al. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiffs was sustained.

**No. 51380.**—Protests 51470–K, etc., of Henry M. Peyser & Co., Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v.